IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CT-3095-FL

| | | |
|---|---|---|
| AHMED MALACHI ABDEL-AZIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY W. JOHNS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion to dismiss or in the alternative for summary judgment (DE # 10) of defendant Tracy W. Johns (hereinafter "defendant Johns"). The matter is ripe for adjudication. For the following reasons, the court grants defendant Johns' motion.

STATEMENT OF THE CASE

On July 24, 2007, plaintiff Ahmed Malachi Abdel-Aziz (hereinafter "plaintiff") brought this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), against the above-named defendant and defendant Dr. Kevin Kilpatrick[1] (hereinafter "defendant Kilpatrick"). Plaintiff alleged in his complaint that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment of the United States Constitution. Plaintiff also alleged that defendant Johns violated the Administrative Procedures Act (hereinafter "APA"), 5 U.S.C. § 551, *et seq.*, when he construed the sex offender notification requirement under 18 U.S.C. § 4042(c) more broadly than Congress intended.

---

[1] Defendant Kilpatrick has filed a separate motion to dismiss or in the alternative for summary judgment that is not yet ripe for determination.

On December 17, 2007, defendant Johns filed a motion to dismiss or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that plaintiff's deliberate indifference claim should be dismissed as without merit. Alternatively, defendant Johns argues that he is entitled to qualified immunity. Finally, defendant Johns argues that plaintiff's APA claim should be dismissed for failure to exhaust administrative remedies. On January 3, 2008, plaintiff filed a motion for extension of time to respond to defendant Johns' motion. The court granted plaintiff's motion for extension of time. However, plaintiff has not responded to defendant Johns' motion.

On July 22, 2008, the court notified the parties of its intent to convert defendant Johns' motion to dismiss or in the alternative for summary judgment into a motion for summary judgment, and directed the Clerk of Court to issue a letter pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). A Roseboro letter was issued, and the parties did not file a response. Accordingly, the court construes defendant Johns' motion to dismiss as a motion for summary judgment.

STATEMENT OF THE FACTS

The facts seen in the light most favorable to plaintiff are as follows. On February 5, 2001, plaintiff was convicted in the United States District Court for the Eastern District of North Carolina of mail fraud, bank fraud, filing a false income tax return, and conspiracy to commit bank fraud. Plaintiff was sentenced to a one hundred (100) month term of imprisonment. (Def.'s Mem. Cox Aff. ¶ 3.)

At the time plaintiff filed this action he was an inmate at the Low Correctional Institution in Butner, North Carolina (hereinafter "Butner"). (Def.'s Mem. Cox Aff. ¶ 3.) Prior to his transfer to Butner, plaintiff had been diagnosed with narcolepsy. (Id. Cox Aff. ¶ 4.) In October 2005,

2

plaintiff participated in a sleep study to diagnose his sleep disorder. (Id. Cox Aff. ¶ 5.) Plaintiff was diagnosed with hypersomnia syndrome, and a contract neurologist recommended that he be prescribed a medication that was not included in the Bureau of Prisons' (hereinafter "BOP") National Drug Formulary. (Id.) The National Drug Formulary "is a list of medications that are considered by the organization's professional staff to ensure high quality, cost effective drug therapy for the population served." (Id. Ex. 2, p. 3.)

On April 19, 2006, plaintiff's primary physician submitted a non-formulary drug authorization request to the BOP's Office of the Medical Director. (Id. Cox Aff. ¶ 5.) The BOP's Office of the Medical Director denied plaintiff's non-formulary prescription request on May 22, 2006. (Id. Cox Aff. Attach. 2.) Plaintiff appealed the denial of the prescription through the BOP's administrative remedy program.[2] (Id. Cox Aff. ¶ 6.) Plaintiff's appeals were denied. (Id.) Plaintiff states that the BOP medical director's denial of his medication resulted in multiple narcoleptic episodes on a daily basis. (Compl. p. 4.) Plaintiff was released from custody on August 3, 2007. (Def.'s Mem. Cox Aff. ¶ 3.)

In addition to the above-stated facts, plaintiff contends that defendant Johns misconstrued 18 U.S.C. § 4042(c)'s sex offender notification requirement. Plaintiff states that the BOP has classified him as a sex offender based upon a 1972 Maryland conviction, and not the instant offense. Plaintiff states that § 4042(c)'s notification requirement is only triggered for an inmate's current conviction and is not triggered for past convictions. As a result, plaintiff requests that the court enter a declaratory judgment that classification as a sex offender for purposes of 18 U.S.C. § 4042(c) can only be based upon the offense for which a federal prisoner currently is serving a sentence.

---

[2] Defendant Johns denied plaintiff's institutional grievance. (See Def.'s Mem. Cox Aff. Attach 2.)

3

DISCUSSION

I.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

II.  Analysis

A.  Bivens Claim

Defendant Johns argues that plaintiff's claim against him should be dismissed pursuant to the doctrine of *respondeat superior*. Alternatively, defendant Johns argues that any claim based upon supervisor liability should be dismissed for failure to state a claim. Defendant Johns is correct that he may not be held liable based on a theory of *respondeat superior*, because *respondeat superior* generally is inapplicable to Bivens suits. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Supervisor liability, however, is applicable to Bivens actions. Accordingly, the court must now determine whether defendant Johns may be held liable based upon a theory of supervisor liability.

4

A plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

Plaintiff did not allege any facts to demonstrate that defendant Johns had any knowledge of the alleged deliberate indifference. Defendant Johns did deny plaintiff's institutional grievance. However, participation in the administrative remedy proceedings is not the type of personal involvement necessary to state a claim based upon supervisor liability. Page v. Kupec, No. Civ.A. AW-02-3430, 2003 WL 23274357, *1 (D. Md. Mar. 31, 2003) (unpublished), aff'd, 70 Fed. Appx. 147, 2003 WL 23274357 (4th Cir. Jul. 31, 2003) (unpublished); Bonds v. Fox, No. 1:08CV78, 2008 WL 2543371, *3 n. 3 (N.D.W. Va. June 23, 2008) (unpublished). Based upon the foregoing, plaintiff has not alleged facts sufficient to state a claim for supervisor liability against defendant Johns. Therefore, plaintiff's Bivens claim against this defendant is DISMISSED.[3]

---

[3] Defendant Johns is the Warden at the Low Security Correctional Institution where plaintiff was incarcerated when he filed this action. Even if plaintiff alleged that defendant Johns knew about defendant Kilpatrick's alleged deliberate indifference, his Bivens claim still must be dismissed because supervisory officials are entitled to rely on the medical judgments made by prison physicians. Miltier v. Beorn, 896 F.2d 848, 854-55 (4th Cir. 1990).

B. <u>Administrative Procedures Act Claim</u>

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. However, review under the APA is available only for final agency action for which there is no other adequate remedy in court. 5 U.S.C. § 704. Section 704 provides in pertinent part:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly reviewed by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

<u>Id.</u>

Defendant Johns argues that plaintiff's APA claim is not yet ripe because plaintiff failed to exhaust the available BOP administrative remedies prior to filing this action. <u>See</u> <u>Jones v. Bock</u>, 127 S. Ct. 910, 921 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); <u>Anderson v. XYZ Corr. Health Servs., Inc.</u>, 407 F.3d 674, 683 (4th Cir. 2005). The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); <u>see</u> <u>Woodford v. Ngo</u>, 126 S. Ct. 2378, 2382-83 (2006). Exhaustion is mandatory. <u>Woodford</u>, 126 S. Ct. at 2382; <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); <u>Anderson</u>, 407 F.3d at 677. A

6

Case 5:07-ct-03095-FL   Document 29   Filed 09/15/08   Page 6 of 8

prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 127 S. Ct. at 919.[4]

Plaintiff was incarcerated at the time he filed this action; however, he has since been released. An inmate's release from prison while his § 1983[5] action is pending does not exempt him from the PLRA's administrative exhaustion requirement. Cox v. Mayer, 332 F.3d 422, 425 (6th Cir. 2003); Ahmed v. Dragovich, 297 F.3d 201, 210 (3rd Cir. 2002); Dixon v. Page, 291 F.3d 485, 488-89 (7th Cir. 2002). Because plaintiff was incarcerated at the time he filed his complaint, he is subject to the exhaustion requirement.

Plaintiff admits in his complaint that he has not pursued administrative remedies for his APA claim. (Mem. in Supp. of Compl. p. 6.) Because plaintiff filed this action prior to completing the administrative remedy procedure, he has not properly exhausted his claim.

## CONCLUSION

Based upon the foregoing, defendant Johns' motion for summary judgment (DE # 10) is GRANTED. Plaintiff's Bivens claim is DISMISSED with prejudice. However, plaintiff's APA claim is DISMISSED without prejudice to allow him the opportunity to exhaust his administrative remedies.

---

[4] To the extent plaintiff is attempting to bring his APA claim pursuant to § 2241, it still must be dismissed without prejudice for failure to exhaust administrative remedies. A federal prisoner challenging the execution of his sentence must exhaust administrative remedies before seeking review in the federal court pursuant to § 2241. See Braden v. 30'th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973); McLung v. Shearin, 90 Fed. Appx. 444, *1 (2004) (unpublished). Failure to exhaust may be excused only upon a showing of cause and prejudice. McClung, 90 Fed. Appx. at *1. Plaintiff has not alleged cause or prejudice in this case.

[5] The court notes that, as stated, this action is a Bivens action. However, courts have applied § 1997e(a) to Bivens and § 1983 actions in the same way. Truett v. Shaw, 17 Fed. Appx. 123, 2001 WL 946086, *1 (4th Cir. 2001) (unpublished) (citing Booth, 206 F.3d at 291).

7

SO ORDERED, this the 12th day of September, 2008.

       /s/ Louise W. Flanagan
LOUISE W. FLANAGAN
Chief United States District Judge

8